(78 Misc. Rep. 441.)

WILLSON & ADAMS CO. v. MACK PAVING & CONSTRUCTION CO. et al.

(Supreme Court, Special Term, Westchester County. December 2, 1912.)

1. MUNICIPAL CORPORATIONS (§ 358\*)—CONSTRUCTION—AGREEMENT FOR INTERPRETATION.
    Where the contract for a public improvement provided that an engineer should be final arbiter as to the meaning of any clauses therein, a construction by him is, in the absence of fraud or collusion, conclusive.
    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 890; Dec. Dig. § 358.\*]

2. MUNICIPAL CORPORATIONS (§ 358\*)—CONSTRUCTION—PREVIOUS INTERPRETATION.
    Where the contract between a construction company and a municipality, providing that its engineer should be the final judge as to the meaning of its terms, had already been interpreted by him, a subcontractor,

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

whose contract with the construction company incorporated the principal contract by reference, is bound by such interpretation.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 890; Dec. Dig. § 358.*]

3. CONTRACTS (§ 319*)—BREACH—DEFECT.

Where one, engaged to perform certain work under a contract calling for payment in installments, abandoned his contract just before an installment became due, he forfeited all immediate right to such installment; the obligee being entitled to retain it to protect it in its work of completing the contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1493–1507; Dec. Dig. § 319.*]

Action by the Willson & Adams Company against the Mack Paving & Construction Company and others to foreclose mechanics' liens. Judgment for defendants.

See, also, 148 App. Div. 927, 133 N. Y. Supp. 1150.

Johnson & Mills, of Mt. Vernon, for plaintiff.

Kellogg & Rose, of New York City, for defendant Mack Paving & Construction Co.

Charles A. Van Auken, of New Rochelle, for defendant Westchester County.

James M. Hunt, of Yonkers, for defendant Bronx Valley Sewer Commission.

Goodelle, Andrews & Harding, of Syracuse, for defendant Moore.

TOMPKINS, J. Action to foreclose mechanics' liens against moneys claimed to be due to Thomas F. Moore under a subcontract with the Mack Paving & Construction Company, which had a contract with the Bronx Valley Sewer Commission for the construction of a trunk sewer through a part of the county of Westchester. The plaintiff furnished materials of the value of $2,287.98 to the subcontractor, Moore. Several defendants have liens for various amounts filed subsequent to the plaintiff's.

This is the second trial of the case, after the reversal by the Appellate Division of a judgment given to the plaintiff at the first trial. According to the estimate of the engineer of the Bronx Valley Sewer Commission, the subcontractor, Moore, had been paid in full his proportionate amount of the installments paid to the general contractor, prior to his (the subcontractor's) abandonment of the subcontract; but the claim is made by the plaintiff that the engineer of the Bronx Valley Sewer Commission misconstrued and wrongly interpreted the provision in the original contract between the Sewer Commission and the Mack Paving & Construction Company as to the depth of cut upon which estimates were to be made and prices based, and that, under such erroneous construction and interpretation of the contract by such engineer, measurements of the excavation were only made to the invert of the sewer, or the bottom of flow line of the sewer pipe, instead of to the bottom of the actual excavation, and that as a result thereof the engineer's estimates, upon which payments

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

were made to the contractor and subcontractor, were for less amounts than they should have been.

[1] The claim of the plaintiff that the contractor, Moore, should have been paid according to the actual depth of the excavation, cannot be sustained. Moore contracted to perform for the Mack Construction Company part of the work to be done by that company under its contract with the Bronx Valley Sewer Commission, to wit: All of section 5 and the south end of section 4. In this contract, Moore "declares, agrees, and admits that he has examined the contract plans and specifications for the construction of the Bronx Valley sewer, and especially those portions which refer to the construction of section 5, and that part of section 4 above described, and is thoroughly familiar with all that relates to the same." That contract provided:

"66. Section 5. The contractor hereby agrees to receive and accept as and for his full compensation for furnishing all the materials and labor and building, constructing, and fully completing and maintaining for six (6) months all of the work called for under this contract, and for all the labor and materials incidental thereto, as required by the specifications, and as shown on the plans of the work referred to therein, the following prices:

| Length in Feet. | Diameter. | Section of Sewer. | Cut. |
|---|---|---|---|
| 188.24 | 6' 0" | A | 0–15 |

at fifteen ($15.) dollars per foot.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

"The above prices include all excavation, back-filling, waterproofing, concrete, foundations, piling, underdrain, forms, reinforcement, labor, materials, and all other things necessary for the full and enduring completion of the entire work."

The contract contained a similar provision as to section 4. The plaintiff's claim relates to the interpretation put upon the word "Cut" at the head of one of the columns of tabulation by the engineer of the Bronx Valley Sewer Commission in his monthly estimate of work done, under which the Mack Paving & Construction Company, the contractor, and in turn Moore, the subcontractor, were paid. The engineer has construed the word to mean:

"Distance from the surface of the ground to the flow line or bottom of the inside of the sewer, when sewer is constructed in open cut."

The Mack Company's contract with the commission provides that the commissioners' engineer "shall be the sole and final judge and arbiter as to the intent and meaning of any clause in this contract." The engineer's interpretation was made in good faith. There is no claim or proof of fraud or collusion, and his interpretation must be accepted.

[2] Besides, the Moore contract contains the following provision.

"It is understood by the parties to this agreement that certain work has been done on section 5 by said first party [Mack Company] and estimated at twelve hundred and seventy-six dollars ($1,276.00) by the Bronx Valley Sewer Commission, and it is agreed by the parties to this agreement that, when the sewer is built over the lines of this work, the party of the first part shall deduct from the amount due the party of the second part [Mack] seventy per cent. (70%) of the said estimated amount."

This estimate was made by the commissioners' engineer under his said interpretation of the word "cut." This court, therefore, must assume that Moore, when he contracted with the Mack Company, accepted that interpretation as the proper one.

[3] His abandonment of the contract because he could not secure a modification of that interpretation was unjustified, and he thereby forfeited all immediate right to all money not then actually due him. There was then no money due him, for the reason that he abandoned the contract on March 20, 1909, and three days before the sum of $3,760.89 would have become due him under the estimate of March 17, 1909. The Mack Company called upon him to continue the work, and, he failing to do so, that company went on with the work at his expense, thereby continuing the contract. Therefore that sum of $3,760.89, together with the retained 15 per cent., may be held by the Mack Company until the completion of the work, to protect it in its work of completing the contract.

The defendants Mack Paving & Construction Company and the Massachusetts Bonding & Insurance Company are entitled to judgment dismissing the complaint, with costs.